ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| 554 Bloomfield LLC | ) ASBCA No. 58819 |
| | ) |
| Under Contract No. DACA51-5-10-213 | ) |

APPEARANCE FOR THE APPELLANT:    Ms. Wendy Bond
    Managing Member

APPEARANCES FOR THE GOVERNMENT:    Thomas H. Gourlay, Jr., Esq.
    Engineer Chief Trial Attorney
    Lorraine C. Lee, Esq.
    Engineer Trial Attorney
    U.S. Army Engineer District, New York

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL
## ON APPELLANT'S MOTION FOR RECONSIDERATION

On 9 January 2017, appellant timely moved for reconsideration of our 12 December 2016 denial of appellant's 18 October 2016 motion to reinstate its appeal. In denying the motion to reinstate the appeal we noted that (1) the appeal was filed on 8 August 2013; (2) on 7 January 2015, we dismissed the appeal without prejudice at appellant's request and without objection from the government; (3) on 12 November 2015, we extended the dismissal without prejudice at the parties' request, through 31 March 2016; (4) on 6 April 2016, we again dismissed the appeal without prejudice, issuing an order that "[u]nless either party or the Board acts to reinstate the appeal within six months of the date of this Order," that is, by 6 October 2016, "the dismissal shall be deemed with prejudice"; (5) no party requested reinstatement by that date, automatically converting the dismissal to one with prejudice by operation of law; (6) on 18 October 2016, appellant requested reinstatement of appeal (which the government opposed), consisting of the single statement: "Please reinstate the above referenced appeal, and schedule the matter for Binding Arbitration"; (7) in opposition to the reinstatement request, the government pointed out that appellant had provided no basis for its inability to meet the 6 October 2016 deadline to request reinstatement; and (8) in reply to the government's opposition, appellant still provided no explanation for having missed that deadline. *554 Bloomfield LLC*, ASBCA No. 58819, 2016 WL 7488256 (Dec. 12, 2016).

In denying the request to reinstate the appeal, we weighed the need for finality against the need to render a just decision on the basis of all the facts, considering whether relief was sought within a reasonable time, whether there was good cause for failing to act, and to what extent the government would be harmed if the appeal was

reinstated. *554 Bloomfield LLC*, 2016 WL 7488256. We found that appellant requested reinstatement within a reasonable time of the deadline, but offered no reason at all for having failed to meet that deadline, not even any that might have suggested "excusable neglect," and that the government provided no support for its vague and conclusory contention that it would have been prejudiced by reinstatement. *Id.* We concluded that, under the circumstances, the need to render a just decision on the basis of all the facts was outweighed by the need for finality in this over three-year-old appeal. *Id.*

Where litigants have once battled for a decision, they should neither be required, nor without good reason permitted, to battle for it again. *Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,137 at 176,384. Motions for reconsideration do not afford litigants the opportunity to take a "second bite at the apple," or to advance arguments that properly should have been presented in an earlier proceeding. *Id.* In support of its request for reconsideration, appellant, through its "Manager Member," offers the following reason for missing the 6 October 2016 deadline to request reinstatement of its appeal: "Acting pro-se in this case, and negotiating [with the government] to conclude the last remaining item to move forward in this case..., I overlooked the date necessary to notify [the Board] to reinstate this case, until a few days later (I actually thought I had until the end of October 2016)." Appellant did not advance that reason in support of its reinstatement request, or in reply to the government's opposition to that request, even after the government pointed out that appellant had not offered any reason for missing the deadline. Appellant could have, before we denied its reinstatement request, explained why it missed the deadline, but, for whatever reason, did not. For all these reasons, we deny the motion to reconsider the denial of appellant's request to reinstate the appeal.

Dated: 1 February 2017

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

2

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58819, Appeal of 554 Bloomfield LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals